**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KENNETH B. HUNTER,**

                    **Petitioner,**

**v.**                                                              **Case No. 5:17cv127**
                                                                    **(Judge Stamp)**

**JENNIFER SAAD, Warden,**

                    **Respondent.**

## REPORT AND RECOMMENDATION

On August 14, 2017, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 together with a Motion for Leave to Proceed *in forma pauperis*. On August 28, 2017, Petitioner's Motion for Leave to Proceed *in forma pauperis* was granted. Accordingly, this matter, pending before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2, <u>et seq.</u>, is ripe for review.

## I.   Conviction and Sentence

Following a jury trial, the Petitioner was convicted of four counts of felony murder, two counts of assault with intent to kill, one count of arson and one count of destruction of property in the Superior Court for the District of Columbia ("D.C. Superior Court"). ECF No. 1 at 3. On June 24, 1987, Petition was sentenced to life.

## II. Claims of Petition

Petitioner brings this case pursuant to § 2241 alleging that his Fifth Amendment Due Process Rights were violated when he did not receive "fair notice." ECG No. 1 at 5. As supporting facts, Petitioner states that "[b]ecause 1st degree murder is such a serious offense, the Petitioner's intent must be examined in order to arrive at the conviction. DC's

definition of murder has various prongs to be met. If not then you don't have murder of any degree." <u>Id.</u> For relief, Petitioner requests that his conviction and sentence be overturned, and a new trial be held. <u>Id.</u> at 8.

### III. <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4,   Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

### IV. <u>Analysis</u>

Prior to 1970, "the D.C. court system did not exist in its present form, and many of

the cases now brought in the District's courts were instead heard in federal court."

Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).   That system changed in 1970,

when the United States Congress passed the District of Columbia Court Reform and

Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act").   The Court

Reform Act established the current dual court system and provided a "remedy analogous to

28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge

their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus on behalf
> of a prisoner who is authorized to apply for relief by motion
> pursuant to this section, **shall not be entertained** by the
> Superior Court or **by any Federal or State court** if it appears
> that the applicant has failed to make a motion for relief under
> this section or that the Superior Court has denied him relief,
> unless it also appears that the remedy by motion is inadequate
> or ineffective to test the legality of his detention.

(emphasis added).

Therefore, prisoners, such as this Petitioner, sentenced by the Superior Court of the

District of Columbia may collaterally challenge the constitutionality of their convictions by

moving in that court under D.C. Code § 23-110.   Garris v. Lindsay, 794 F.2d 722, 725

(D.C.Cir.)(per curiam), cert denied, 479 U.S. 993 (1986); see also Byrd v. Henderson, 199

F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a

District of Columbia prisoner seeking to collaterally attack his sentence must do so by

motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110.").   If

that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of

Appeals, which is the highest court in the local D.C. court system.   See Garris, supra at

725 (citing D.C. Code § 23-110(f)).

   The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."**   Blair-Bey, supra at 1042 (emphasis added.)   In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977).   In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully.   430 U.S. at 377-78.   Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted).   Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'"   Blair-Bey, supra at 1042.

   Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review."   Perkins v. Henderson, 881 F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255").   Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL

4

21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, Petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his sentence.   His lack of success on at least three prior collateral attacks on his conviction, does not render his local remedy inadequate or ineffective.[3] See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

## VI. Recommendation

For the reasons stated in this opinion, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it does not demonstrate that a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of Petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to entertain the same.

Within fourteen (14) days after being served with a copy of this recommendation, Petitioner may file with the Clerk of Court written objections identifying those portions of the

---

[3]Because Petitioner's conviction is so old, the docket sheet available on line does not date back to his conviction, but it does indicate that he filed at least three 23-110s on October 9, 2006, May 13, 2013, and July 6, 2014, all of which were denied. Moreover, it appears that he appealed only the denial of his October 9, 2006 petition, and the order denying that motion was affirmed on March 10, 2008.

recommendation to which objection is made and the basis for such objections.   A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia.    Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of the Report and Recommendation, the Clerk is further **DIRECTED** to terminate the Magistrate Judge Association with this case.

DATED: February 28, 2018


*/s  James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE