IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH B. HUNTER,

    Petitioner,

v.                                      Civil Action No. 5:17CV127
                                                    (STAMP)
JENNIFER SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AS FRAMED,
OVERRULING PETITIONER'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I.  Background

The pro se[1] petitioner, Kenneth B. Hunter, is a federal inmate designated to FCI Gilmer. Following a jury trial, the petitioner was convicted of four counts of first degree murder, two counts of assault with intent to kill, one count of arson, and one count of destruction of property. ECF No. 10 at 1. On June 24, 1987, the Superior Court for the District of Columbia sentenced the petitioner to life. Id. at 1.

The petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner alleges that the Federal Bureau of Prisons ("BOP") improperly calculated his federal sentence. The petitioner alleges that his Fifth

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Amendment Due Process Rights were violated when he did not receive fair notice. Id. at 5. Petitioner states that "[b]ecause [first] degree murder is such a serious offense, the [p]etitioner's intent must be examined in order to arrive at the conviction. [The District of Columbia's] definition of murder has various prongs to be met. If not then you don't have murder of any degree." Id. The petitioner presumably means the issue of intent was not raised at his original criminal trial. For relief, the petitioner requests that his conviction and sentence be overturned, and a new trial held. Id. at 8.

United States Magistrate Judge James E. Seibert entered a report and recommendation. ECF No. 10. The magistrate judge recommends the petitioner's petition be denied and dismissed with prejudice. Id. at 5.

The petitioner timely filed objections. ECF No. 12. In his objections, the petitioner argues that "[t]he Petitioner acknowledges that a [§] 23-110 motion may have been available, but the issues raised in the instant offense cannot be adequately addressed in the [District of Columbia] court system." Id. at 2. First, petitioner contends that he "did, within the [District of Columbia] system, exhaust the required steps in order to present his claim in the [United States] district courts." Id. Second, petitioner argues that "even though the petitioner raised a valid issue of intent concerning the murder charge, none of his issues

2

were addressed . . . The fact is that the [§] 23-110 motion was inadequate and ineffective to test the legality of his detention, not because the petitioner lost, but because the [District of Columbia] Superior Courts have, in the past, simply rejected his motions outright without requiring the normal adversarial testing required by law." Id. at 2-3. In conclusion, petitioner requests that "his motion be granted and his issues fully explored, and relief be granted to him." Id. at 3.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 10) is affirmed and adopted, and the petitioner's objections (ECF No. 12) are overruled.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

3

definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### III. Discussion

First, the magistrate judge correctly explained that prisoners sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions under District of Columbia Code § 23-110. Id. at 3 (citing Garris v. Lindsay, 794 F.2d 722, 725). If a petitioner uses § 23-110, then he may appeal in the District of Columbia Court of Appeals. Id. Second, the magistrate judge properly noted that although prisoners sentenced by state courts may use federal habeas corpus petitions after exhausting state remedies, "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." Id. at 4 (citing Swain v. Pressley, 430 U.S. 372, 377 (1977) (internal quotation marks omitted)).

The petitioner has not demonstrated that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his sentence. Specifically, the magistrate judge correctly found that petitioner's prior unsuccessful challenges to his sentence are insufficient to show the available remedy is "inadequate or ineffective." Id. at 5.

4

Therefore, this Court lacks jurisdiction to entertain the petition, and will not address petitioner's claims relating to issues of intent. This Court adopts and affirms the report and recommendation in its entirety, and the petitioner's § 2241 petition is denied and dismissed without prejudice.

IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 10) is AFFIRMED and ADOPTED AS FRAMED and the petitioner's objections (ECF No. 12) are OVERRULED. It is further ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 20, 2019

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE